**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884

Attorneys for Defendant

| | |
|---|---|
| Michelle Tenzer-Fuchs, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>               - vs. –<br><br>Odd[ty]mall,<br><br>      Defendant. | DOCKET NO. 20-cv-6286<br>(SJF) (ARL) |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

**<u>TABLE OF CONTENTS</u>**

Page

PRELIMINARY STATEMENT......................................................................................................1

STATEMENT OF FACTS...........................................................................................................1

LEGAL ARGUMENT ...............................................................................................................3

    I.     This court lacks subject matter jurisdiction over plaintiff's claims because they
            are moot..................................................................................................................3

    II.    Plaintiff lacks standing to bring her claims because she has failed to plead an
            injury in fact..........................................................................................................5

    III.   The complaint should be dismissed for failing to state a claim upon which relief
            can be granted.......................................................................................................8

    IV.  Plaintiff has failed to state a claim for violations of the New York City Human
            Rights Law .............................................................................................................9

    V.    Plaintiff has failed to state a claim for much of the relief she seeks.........................10

CONCLUSION .......................................................................................................................11

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                    Pages

*Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2nd Cir. 2011) ......................................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................................... 8, 9

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2nd Cir.2007) ................................... 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)......... 8, 9

*Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94 (2d Cir. 2010).................................. 4

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ................................................ 8

*Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. June 4, 2019)............................................... 4, 5

*Fink v. Time Warner Cable*, 2009 U.S. Dist. LEXIS 63708 (S.D.N.Y. July 23, 2009) ...................... 9

*Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167 (2000) 6

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013)................................................... 3

*Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 652-654 (4th Cir. 2019) ....................... 4

*Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619  (S.D.N.Y. Dec. 18, 2020)........ 4

*Hardwick v. Auriemma*, 116 A.D.3d 465, 983 N.Y.S.2d 509 (2014)..................................................10

*Hoffman v. Parade Publ'ns*, 933 N.E.2d 744 (N.Y. 2010) ........................................................10

*IBM v. Dale*, 2011 U.S. Dist. LEXIS 102187 (S.D.N.Y. Sept. 9, 2011) ...................................... 9

*Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638 (2d Cir. 1998).......................................... 3

*Lujan v. Defenders of Wildlife*, 50 U.S. 555 (1992). ................................................................. 6

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)......................................................... 3

*Mejia v. White Plains Self Storage Corp.*, 2020 WL 247995, at *3 (S.D.N.Y. Jan. 16, 2020) ......10

*Mendez v. Apple Inc.*, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ................................... 7, 8

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ......................................... 6

*Statues and Rules*

Fed. R. Civ. P. 8 ............................................................................................................... 1, 8

Fed. R. Civ. P. 12 ............................................................................................................. 1, 3

N.Y. Exec. Law. § 297 ........................................................................................................ 11

NYC Admin Code. Title 8, Ch. 1, § 8-127(a) .................................................................... 11

**PRELIMINARY STATEMENT**

Plaintiff Michelle Tenzer-Fuchs asserts that the website of defendant Nigelco LLC d/b/a Odditymall (sued herein incorrectly as Odditymall), www.odditymall.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"). Nigelco disputes that its website was ever inaccessible, but assuming arguendo that it was, it no longer is, and so plaintiff's claims are moot. Moreover, because it is now impossible for plaintiff to do business with Nigelco, plaintiff's claims are moot for a second reason, and the case must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1).

Furthermore, plaintiff's vague complaint does not satisfy the requirement to plead an injury in fact, resulting in a lack of standing for her case, providing a second reason why the case must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1); even if she satisfied the constitutional standard, she could not satisfy the pleading requirements of Fed. R. Civ. P. 8., meaning that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, plaintiff fails to state a claim for violations of the NYCHRL because she is outside the scope of its protections, and she fails to establish her entitlement to several of the forms of relief she seeks.

**STATEMENT OF FACTS[1]**

Plaintiff is a resident of Nassau County, New York who alleges that she is a visually impaired and legally blind individual with a qualifying disability under the Americans with Disabilities Act. She uses specialized screen reading software such as Non Visual Desktop

---

[1] These facts are either taken from the complaint or from the Declaration of Ryan Ruikkie submitted with this motion.

Access ("NVDA") to enable her to access information on the Internet.

Tenzer-Fuchs claims that on several unspecified occasions, with the last being in December 2020, she visited the website located at www.oddity mall.com "with an intent to browse and attempt to purchase" holiday gifts.  However, when she did so, she allegedly encountered a series of vaguely described virtual barriers that prevented her from being able to complete a purchase of some unspecified product.

In fact, www.oddity mall.com is a website operated by a Minnesota limited liability company named Nigelco LLC. It is not a "commercial marketplace" at all; it is a blog that contains informational links to other, independent Iwnternet sites such as Amazon.com that do sell various products.  While one could click through the link to Amazon.com and presumably make a purchase on that site, one could not do so on www.oddity mall.com — not in December 2020, not now, and not at any other time.  Nigelco was not the lister or seller of any of the products featured on these other sites; it simply highlighted products that readers of its blog might find interesting.

The www.oddity mall.com site was largely compliant with the WCAG web accessibility standards, but as a result of this lawsuit, Nigelco undertook an effort to investigate the issue and ensure that the site was in fact accessible to the blind.  Nigelco's owner first utilized a compatibility checker to identify the minor areas issues in which the WCAG standards had not been met, and undertook to make the necessary changes so that the website fully passed the compliance test.  After that was complete, Nigelco's owner tested the website with the very same screen reader tool identified by plaintiff in her complaint, and found it to be accessible.

A separate website, also operated by Nigelco, was formerly located at another

domain, shop.odditymall.com.  It is unclear whether the plaintiff ever attempted to visit that site, as she did not mention it in her complaint.  That side, via a Shopify store, did sell a small number of goods directly to website users.  However, because the store did such a small volume of business, defendant determined that it was not worth the potential legal exposure of operating the store.  Thus, defendant has shut down that website, and has no intention of reopening it.  As a result, defendant has no operating e-commerce websites, and it is no longer possible for any individual, sighted or visually impaired, to do business with defendant.

## **LEGAL ARGUMENT**

### I.     **This court lacks subject matter jurisdiction over plaintiff's claims because they are moot.**

This Court must dismiss a claim for lack of subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1), "when the district court lacks that statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to matters that present actual "cases and controversies;" therefore, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis*, 1523 S. Ct. at 1528.  Thus, factual changes made by a defendant after litigation commences can moot a case.  "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998)).

To be sure, the matter is not as simple as a defendant ceasing its conduct; "factual changes made by a defendant after litigation has commenced cannot render a case moot unless it is absolutely clear the defendant cannot resume the allegedly offending conduct." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010). Otherwise, it would be too easy for a defendant to moot a case only for long enough for the case to be dismissed.  Here, Nigelco has made its website compliant with applicable legal standards. Nigelco's owner and CEO has personally reviewed the website, has assessed it to find its deficiencies, and has repaired the minor ones identified.  He then tested the site with screen reader software to confirm that the site was accessible.  Thus, there is simply no work for an injunction to do, and the case must be dismissed as moot.

Plaintiff might argue that there is no guarantee that the website will not become inaccessible again once this case is dismissed.  But even if it were realistic to suppose that a company that had been sued for such violations once, and remediated them, would risk another lawsuit by backsliding on accessibility, that simply cannot happen here.  That is because the allegedly offending website simply does not exist any longer. Shop.odditymall.com, the only website operated by Nigelco on which individuals could actually engage in commercial transactions, has been shut down. And defendant has explained that because shop.odditymall.com was such a low volume business, the company has no incentive to reinstate the website.  Without the ability to conduct business on the website, the case cannot continue.  *See, e.g., Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619  (S.D.N.Y. Dec. 18, 2020)(case dismissed where defendant did not sell to customers in New York State); *Diaz v. Kroger Co.*, 2019 WL 2357531 (S.D.N.Y. June 4, 2019)(same); *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 652-654 (4th Cir.

2019)(case dismissed where plaintiff was legally ineligible to do business with defendant).

To be sure, Nigelco's website located at www.odditymall.com does continue to exist. But, as explained in the accompanying declaration of Nigelco's owner, Ryan Ruikkie, www.odditymall.com is not an e-commerce site.  It is not possible now, and has never been possible, to complete a transaction on that site.  Thus, Ms. Tenzer-Fuchs cannot be deprived of a shopping experience similar to sighted individuals on the www.odditymall.com website because there *isn't* a shopping experience on that website.

In short, plaintiff's claims are doubly mooted: the site where she might have sought to shop, shop.odditymall.com, does not exist and therefore cannot be out of compliance with web accessibility requirements.  The site that she might still visit, www.odditymall.com, is in compliance with those requirements but need not be because as a purely informational site unconnected to any commercial business, it is not a place of public accommodation that is required to be accessible.  Without an active case or controversy, the case is moot and must be dismissed.  Courts in this circuit have granted motions to dismiss based on a similar mootness argument.  *See Diaz*, 2019 WL 2357531. In *Diaz*, in addition to noting that the plaintiff could not transact business on the website, the court held that the case was moot because the defendant had remediated the purported barriers that the plaintiff had alleged existed, and supplied an affidavit to the effect that the company intended to keep the site in compliance.

## II. Plaintiff lacks standing to bring her claims because she has failed to plead an injury in fact.

Even if the complaint were not moot, this Court should dismiss Ms. Tenzer-Fuchs's claims because she has not met her burden of showing that she has suffered the "injury in fact" required by Article III of the constitution.   Here, Plaintiff bears the burden of

establishing the elements of standing because she has invoked federal jurisdiction by bringing a claim under the ADA. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)

In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167 , 180-81 (2000). "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 50 U.S. 555, 560 n.l (1992). An injury is ''concrete" if it is "de facto"; that is, it must actually exist rather than being only "abstract." *Spokeo*, 36 S.Ct. at 1548. In *Spokeo*, the plaintiff brought a claim alleging a technical violation of the Fair Credit Reporting Act, but asserted no injury beyond that violation. The Supreme Court held that a party does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549.

That fact pattern reappears in the instant case. Ms. Tenzer-Fuchs alleges that Nigelco's website is not fully accessible to visually impaired individuals, but does not describe any "concrete and particularized" injury that she has suffered. She states that there were "multiple access barriers which effectively denied her the full enjoyment of the goods and services of the Website," but describes those barriers only in the vaguest of terms. She could not figure out how to navigate past the home page because she could not read "page options." Many features "lacks [sic] alt text," but she does not specify which. Many features

6

"fail to add a label element or title attribute," but she does not specify which.  And there were "a host of broken links," but she does not identify any.  If all of this sounds generic and boilerplate, that is because it is.  Ms. Tenzer-Fuchs has made a habit of filing such minimalist lawsuits with similar or identical non-specific claims, even with the same grammatical error.[2]

Moreover, even accepting the vague nature of those allegations, she fails to explain how those barriers actually injured her.  She considered purchasing products (which ones, she does not say).  She does not identify *where* she encountered any of the above "barriers," or when, or how they prevented her from completing a purchase.  A court is not required to "'credit a complaint's conclusory statements' when considering whether a plaintiff has alleged facts sufficient to support standing."  *Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145-6 (2nd Cir. 2011)  In a remarkably similar fact pattern, a court in the Southern District dismissed a web accessibility complaint for lack of failure to plead an injury in fact. In *Mendez v. Apple Inc.*, 2019 WL 2611168 at *1 (S.D.N.Y. Mar. 28, 2019), a plaintiff pleaded that they could not navigate Apple's website because of "1) "Lack of Alternative Text", 2) "Empty Links That Contain No Text", 3) "Redundant Links", and 4) "Linked Images Missing Alt-text."  The *Mendez* court found this threadbare recitation of facts to be insufficient to

---

[2] See, e.g., *Tenzer-Fuchs vs. DACM Digital, LLC*, 20-cv-3801 (many features lacks [sic] alt-text, many features fail to add a label element or title attribute, host of broken links); *Tenzer-Fuchs vs. Rugs.Com LLC* 20-cv-5908 (no page options on home page, many features lacks [sic] alt-text, many features fail to add a label element or title attribute, host of broken links); *Tenzer-Fuchs vs. Huffy Corporation*, 20-cv-4114 (many features lacks [sic] alt-text, many features fail to add a label element or title attribute, host of broken links); *Tenzer-Fuchs vs. BMG Rights Management (US) LLC*, 20-cv-4384 (many features lacks [sic] alt-text, many features fail to add a label element or title attribute, host of broken links); *Tenzer Fuchs vs. Franke Kitchen Systems*, 20-cv-4032 (many features lacks [sic] alt-text, many features fail to add a label element or title attribute, host of broken links).  The list goes on; PACER reflects that Ms. Tenzer-Fuchs has filed 53 such assembly-line cases in the last eight months in this District.

establish an injury in fact under the ADA.  "Those who live by the photocopier shall die by the photocopier. By failing specifically to assert any concrete injury, Plaintiff's claims fail as a matter of law." *Id.* at *4  And finding that the standard for standing under the NYSHRL and NYCHRL are the same as under the ADA, the *Mendez* court found those to be inadequately pleaded as well.  *Id.*

### III. The complaint should be dismissed for failing to state a claim upon which relief can be granted.

Even if plaintiff's claim were not moot, and even if plaintiff had sufficiently pleaded an injury in fact, the complaint should be dismissed for failing to adequately plead grounds for relief.  Fed. R. Civ. P. 8(a)(2), requires "`a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (ellipsis in original). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2nd Cir.2007) (*citing Twombly*, 127 S.Ct. at 1965). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,  678 (2009). "The plausibility standard... asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*.

And yet, as described above, all Ms. Tenzer-Fuch's complaint offers is conclusions. She visited the www.odditymall.com website at unspecified times (once on some date in December 2020), considered purchasing products that she does not identify, and encountered barriers at unspecified locations: "page options,"  lack of "alt text," lack of "label elements or title attributes", and some "broken links."  But not a single one actually identified.

The paucity of plaintiff's allegations does not stop there.  Ms. Tenzer-Fuchs asks for compensatory damages, as the NYSHRL and NYCHRL permit.  But in addition to failing to plead the allegations of wrongdoing with any degree of specificity, plaintiff has failed to allege any harm at all.  She describes neither pecuniary nor emotional damages suffered as a result of defendant's alleged violations.  This is insufficient.  "[A]n allegation that [a claimant] 'suffered damages' without particular facts as to how she was damaged does not satisfy Twombly and Iqbal." *IBM v. Dale*, 2011 U.S. Dist. LEXIS 102187, at *5 (S.D.N.Y. Sept. 9, 2011); *Fink v. Time Warner Cable*, 2009 U.S. Dist. LEXIS 63708 at *12 (S.D.N.Y. July 23, 2009) (allegation that defendant "causes damage" merely parrots the statutory language and is insufficient.)   A plaintiff must provide more than "an unadorned the defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

### IV.     Plaintiff has failed to state a claim for violations of the New York City Human Rights Law.

Even if this case were not moot, and even if it were pleaded adequately, plaintiff's Third Cause of Action, for violation of the NYCHRL, must be dismissed.  Plaintiff's complaint in this case, as noted *supra*, is quite sparse. The who, what, when, where, why, and how of the alleged violations are described in only the most conclusory terms. However, what is undisputed is that defendant is a Minnesota LLC with no physical establishment and that did/does business (to the extent that it did/does) only over the Internet. It is also undisputed

9

that plaintiff is a resident of Nassau County, New York, and that she pleads that she was denied the use of the website "here in Nassau County."  (Complaint ¶ 9) Nothing in the complaint even hints at, let alone expressly alleges, that any act relevant to this lawsuit took place in the city of New York, or had any effect on plaintiff in the city of New York.  And that is fatal to plaintiff's NYCHRL claim.

New York courts have repeatedly explained that the NYCHRL is designed to protect New York City residents. *Mejia v. White Plains Self Storage Corp.*, 2020 WL 247995, at *3 (S.D.N.Y. Jan. 16, 2020)(citing *Hoffman v. Parade Publ'ns*, 933 N.E.2d 744, 747 (N.Y. 2010)) For non-residents of the City to invoke the NYCHRL, they "must plead and prove that the alleged discriminatory conduct had an impact in New York [City]." *Id.*  Indeed, courts have held that this discriminatory impact within the City has to be pleaded and proved even for those who are residents. *See, e.g., Hardwick v. Auriemma*, 116 A.D.3d 465, 466, 983 N.Y.S.2d 509, 511 (2014)(State and City Human Rights Laws do not apply to acts of discrimination against New York residents committed outside their respective boundaries by foreign defendants).

As noted, defendant Nigelco is a Minnesota-based LLC, with no operations in the city of New York.  Plaintiff is not a resident of New York City, and has pleaded no facts of any sort that show any sort of nexus to New York City.  Indeed, she expressly says that she was denied full use of the website in Nassau County (which, as the Court can take judicial notice, is not within the boundaries of New York City).  As a result, plaintiff has failed to state a claim under the NYCHRL.

**V.      Plaintiff has failed to state a claim for much of the relief she seeks.**

Even if this case were not moot, and even if plaintiff had adequately pleaded an injury

in fact and had satisfied the pleading requirements of Fed. R. Civ. P. 8, plaintiff would not be entitled to much of the relief she seeks.  For instance, she seeks to recover "civil penalties and fines" pursuant to the NYSHRL and NYCHRL.  But she is not entitled to such.  Those civil penalties and fines are payable to the *state* and *city*, not to a private plaintiff.  N.Y. Exec. Law. § 297(4)(c)(vi) and NYC Admin Code. Title 8, Ch. 1, § 8-127(a)   Nor is plaintiff entitled to attorneys' fees under the NYSHRL, as she does not allege housing, employment, or credit discrimination.  N.Y. Exec. Law. § 297(10).

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted,

By:  David Stein

Dated: March 5, 2021

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of this document was filed electronically this 5ᵗʰ day of March, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
David Stein (DS 2119)
SAMUEL AND STEIN
1441 Broadway, Suite 6085
New York, NY 10018
(212) 563-9884
Attorneys for Defendant

12